IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15CV126-MHT |
| ) | |
| LEE COUNTY, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of plaintiff's affidavit of substantial hardship, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that all of plaintiff's claims are due to be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] prior to service of process. Accordingly, it is further

ORDERED that service of process is STAYED until further order of the court directing such service.

**Plaintiff's Claims**

Plaintiff Johnny Hughley, proceeding *pro se*, sues five defendants: Lee County, Alabama; Chambers County, Alabama; Alabama Attorney General Luther Strange; attorney

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

John Tinney of Roanoke, Alabama; and U.S. Attorney General Eric Holder. (Complaint, ¶ 2). Plaintiff alleges that the defendants violated his rights to due process, equal protection, and to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments when, on November 30, 1987, they allowed him to plead guilty to the offense of second degree rape, even though he told the court that he did not engage in sexual intercourse with the victim. (Complaint, pp. 1, 3). Plaintiff alleges that, because of this conviction, his sentence was enhanced in another criminal case (Case No. CC-90-190) and he lost "$99,000 of his funds in case number CV-88-145" in Chambers County.[2] He further alleges that the defendants caused him to be "jobless and homeless after publishing him a sex offender between March 20, 2014 and through February 23, 2015," after his rape charges were dismissed.[3] Plaintiff alleges that he has written to numerous departments and agents seeking to have his name removed from the registry, but has not succeeded. (Id., pp. 3-4). Plaintiff seeks monetary relief only: (1) compensatory damages either in the amount of $99,000 plus interest, for the money he lost in the civil action (id., p. 4), or in the amount of $150,000 plus interest (id., p. 2, ¶ 6); and (2) twenty million dollars in punitive damages (id., pp. 2, 4). The

---

[2] Plaintiff does not explain the nature of case CV-88-145, but attaches to his complaint a ledger indicating disbursement of funds on July 21, 1988 – the second date on which the defendants violated plaintiff's constitutional rights, according to his allegations – by the civil division of the Circuit Court of Chambers County. (Doc. # 1-1; Complaint, ¶ 4). In another case pending in this court, plaintiff has filed a copy of the judgment entered in Case CV-88-145 pursuant to an offer of judgment. (See Civil Action No. 3:14cv07-WHA, Doc. # 19-1).

[3] Plaintiff attaches a March 20, 2014 order entered by Circuit Judge Steven R. Perryman in CC-1987-116, granting his Rule 32 petition. Plaintiff had argued that his guilty plea "was deficient in that the defendant neither admitted guilt[] nor did the state establish guilt." Judge Perryman set aside the conviction and dismissed the charge. (Doc. # 1-2).

court construes the civil rights complaint to assert *Bivens* claims[4] against U.S. Attorney General Holder and § 1983 claims against the remaining defendants.

## No Vicarious Liability Under § 1983 or *Bivens*

Plaintiff's complaint is devoid of any allegation of an act or omission committed personally by either U.S. Attorney General Holder or Alabama Attorney General Strange. Thus, it appears that plaintiff seeks a judgment awarding damages against them due to the allegedly unconstitutional conduct of their unnamed subordinates. In the absence of factual allegations that Holder or Strange participated personally in violating plaintiff's rights, or permitting an inference that they are otherwise responsible for causing the constitutional violations, plaintiff's complaint fails to state a claim against either of them. See Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013)(to state a § 1983 claim against a supervisory official, the complaint must allege a causal connection or personal participation by that official); Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)(same, in the *Bivens* context).

## Lee County and Chambers County

Plaintiff's complaint gives no indication of the reason that he has sued Lee County. The complaint fails to state a claim against Lee County for this reason alone. However, plaintiff alleges that, as a result of the defendants' violation of his constitutional rights, he received an enhanced sentence in "CC-90-190." (Complaint, p. 3). Although it is not evident

---

[4] See Bivens v. Six Unknow Named Agents, 403 U.S. 388 (1971).

from the present complaint, pleadings plaintiff has filed in another case in this court suggest that this case was prosecuted in the Circuit Court of Lee County.[5] Additionally, it appears from plaintiff's allegations that he seeks an award of damages against Chambers County, Alabama, because it was the site of his second degree rape conviction and the 1988 civil case, both of which took place in the Circuit Court of Chambers County. (See Complaint, p. 1, ¶¶ 3-5 and Docs. ## 1-1, 1-2).

Alabama circuit courts are not agencies or departments of the counties in which they sit. Rather, the circuit courts are within the judicial branch of the government of the State of Alabama. See Ala. Const. Art. VI, § 139 ("[T]he judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court ... ."); Ala. Code (1975), Title 12 ("Courts); id. at §§ 12-11-1, 12-11-2, 12-11-3. Plaintiff cannot establish that the Alabama circuit courts in the counties of Lee and Chambers acted on behalf of those counties in adjudicating the criminal and civil actions giving rise to plaintiff's claims. Plaintiff does not allege that his claims against Lee County and Chambers County rest on the actions of any policymaker for each county, or even of any county employee. He fails to allege any facts suggesting a causal connection between a policy of the county and the alleged constitutional violations. Thus, the factual allegations of plaintiff's

---

[5] See Hughley v. Strange, et al., Civil Action No. 3:14cv07-WHA, Doc. ## 7, 19; see also id. at Doc. # 12-10. Plaintiff was not convicted in CC-90-190 (see id. at Doc. # 12-11) and, thus, it appears that he meant to cite case CC-90-189, also prosecuted in Lee County (id. at Doc. # 1, pp. 2-3 and Doc. # 1-2).

complaint fail to establish any basis for liability on the part of either county. See generally McMillian v. Monroe County, Ala., 520 U.S. 781 (1997)(county not liable for actions of sheriff because, under Alabama law, the sheriff acts on behalf of the state in pursuing law enforcement activities); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)(although counties are subject to § 1983 liability, they may not be held liable on a *respondeat superior* theory).

## Attorney John Tinney

Other than his conclusory allegations that the "defendants" violated his constitutional rights, plaintiff does not indicate in his complaint what attorney John Tinney did personally to render him liable to the plaintiff. Plaintiff's claims in this action arise from his improvident guilty plea in CC 87-116, the civil judgment entered against him in CV 88-145, and the enhancement of his sentence in CC 90-189. Plaintiff has filed – in other proceedings in this court – portions of the record of those state court actions. This court may take judicial notice of its own records. U.S. v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987). Those records indicate that plaintiff was represented by Michael D. Cook in both CC 87-116 and CV 88-145, and by C. S. Whittelsey in CC-90-189, the case in which his sentence was enhanced; Jock Smith was the opposing counsel in CV 88-145 (See Civil Action No. 3:14cv07-WHA, Doc. ## 1-2, 1-4, and 19-1). Tinney is not identified as the prosecutor in either criminal action. (Id.). In light of these state court documents which are of record in this court, the conclusory allegations of plaintiff's complaint do not permit an inference that Tinney was involved in any of the state court cases giving rise to plaintiff's present claims.

5

Even if Tinney represented the plaintiff in one or more of those cases, plaintiff alleges no facts that would permit a conclusion that Tinney acted under color of state law.  See Grider v. Cook, 590 F. App'x. 876 (11th Cir. 2014)(neither public defender nor court-appointed defense counsel act under color of state law in "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Young v. Teague, 2009 WL 1125242, * 1 (M.D. Ala. 2009)("[A] retained attorney does not act under color of state law, a necessary element to state a claim under § 1983.")(citing Slavin v. Curry, 574 F.2d 1256, 1264 (5th Cir. 1979), *overruled on other grounds by* Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979)).  And, if Tinney acted as a prosecutor in either of the criminal cases giving rise to plaintiff's present claims, he would enjoy absolute immunity from a claim for damages arising from his prosecutorial acts.  See Hart v. Hodges, 587 F.3d 1288, 1294-99 (11th Cir. 2009)(explaining absolute immunity doctrine). Plaintiff fails to allege facts sufficient to support a § 1983 claim against attorney John Tinney.[6]

## Official Capacity Claims

To the extent that plaintiff seeks an award of damages Strange in his official capacity as Attorney General for the State of Alabama, his claims are barred by the Eleventh Amendment.  The Eleventh Amendment bars a federal court from entertaining a suit brought

---

[6] Tinney has filed a motion to dismiss, along with his own affidavit stating that he has not represented Hughley in any case in Chambers County.  (Doc. ## 4, 5).  The undersigned Magistrate Judge did not consider the motion or affidavit in evaluating the sufficiency of plaintiff's complaint pursuant to § 1915, and – in view of the court's independent determination that the complaint does not state a claim against Tinney – it declines to convert Tinney's motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

by a private party against a state – or one of its agencies or departments – absent the unequivocally-expressed consent of the state to being sued in federal court. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984)(citations omitted).  Alabama has not consented to suit in federal court, and Congress has not abrogated the states' Eleventh Amendment immunity with respect to § 1983 claims.  See Ala. Const., Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); Edelman v. Jordan, 415 U.S. 651, 672 (1979)("[I]n this case the threshold fact of congressional authorization to sue a class of defendants which literally includes States is wholly absent."); Kentucky v. Graham, 473 U.S. 159, 169 (1985)("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); Odebrecht Construction, Inc. v. Secretary, Florida Dept. of Transportation, 715 F.3d 1268, 1289 (11th Cir. 2013)("*Ex Parte Young* suits like the one brought here have never been held to permit retrospective money damages.").

 Similarly, to the extent that plaintiff seeks damages from Holder in his official capacity, he asserts a claim that this court may not entertain.  "Official capacity suits are, in reality, suits against the official's agency/entity."  Nalls v. Bureau of Prisons of U.S., 359 F. App'x. 99, 100 (11th Cir. 2009)(citing Kentucky v. Graham, 473 U.S. 159 (1985)).  "[T]he Supreme Court has held that Bivens claims do not extend to federal officers in their official capacity and are barred by sovereign immunity."  Bevan v. Steele, 417 F. App'x. 840, 841 n. 3 (11th Cir. 2011)(citing F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994)).

**CONCLUSION**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B):

(1) to the extent that plaintiff seeks damages from Strange in his official capacity, plaintiff's claims be DISMISSED with prejudice prior to service of process pursuant to the Eleventh Amendment;

(2) to the extent that plaintiff seeks damages from Holder in his official capacity, plaintiff's claims be DISMISSED for lack of jurisdiction due to the sovereign immunity of the United States;

(3) plaintiff's claims for damages against Holder and Strange, in their individual capacities, and against Lee County and Chambers County, be DISMISSED without prejudice as these defendants are not subject to vicarious liability under § 1983 and plaintiff has failed to allege facts suggesting any other basis for § 1983 liability against them;

(4) plaintiff's claims against attorney John Tinney be DISMISSED without prejudice due to plaintiff's failure to allege facts sufficient to state a § 1983 claim against Tinney;

(5) that Tinney's motion to dismiss (Doc. # 3) be DENIED as MOOT; and

(6) this action be referred back to the undersigned Magistrate Judge for entry of an order allowing plaintiff the opportunity to move for leave to amend his complaint.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 20, 2015. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which

the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 6th day of March, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE