IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>LEE COUNTY, ALABAMA, et al., )<br>)<br>   Defendants. ) | CIVIL ACTION NO. 3:15CV126-MHT |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The claims that plaintiff asserts in his original complaint are addressed in a pending recommendation that all of them be dismissed for various reasons, and that the action be referred back to the undersigned Magistrate Judge for an order allowing plaintiff to move for leave to amend his complaint. (Doc. # 6, Recommendation entered on March 6, 2015). On March 9, 2015, plaintiff filed a motion for leave to amend the complaint. (Doc. # 7). Because plaintiff filed the motion during the period in which he is entitled to amend "once as a matter of course" (see Fed. R. Civ. P. 15(a)(1)), the court has construed plaintiff's motion as an amendment to his complaint. (Doc. # 8). For the reasons stated in the court's order entered on this date, the claims plaintiff asserts in sections I and II of the amendment were severed from those in the present action; the court directed that, "as to the present case, plaintiff's amendment ... shall include only the allegations set forth in section III of the amendment[.]" (Id.).

With regard to the original claims plaintiff asserts against the defendants, section III alleges no new facts other than plaintiff's conclusory allegation that the defendants "violated

Mr. Hughley's rights[] simply because he was homeless, poor, black and they believed that nobody would care." (Doc. # 7, p. 5). He asserts a new claim against the defendants pertaining to the proceedings in Lee County Circuit Court Case No. CC-11-685. (See Doc. # 7, p. 4).[1] Plaintiff now alleges that "[t]he defendants[] used its power and made up false documents and charged, sentenced Mr. Hughley to fifteen years (see Case No. CC-11-685, Lee County Circuit Court). Simply because Mr. Hughley was black, poor, and the defendants[] wanted him imprisoned." (Doc. # 7, p. 4).

The court has taken judicial notice of the docket for Lee County Circuit Court Case No. CC 11-685, which is a matter of public record. It reflects that plaintiff was convicted pursuant to his guilty plea and sentenced on a charge of violating the sex offender notification statute and, further, that after plaintiff's underlying rape conviction was set aside, the Lee County Circuit court set aside plaintiff's conviction and dismissed the community notification charge. (See Alabama SJIS Case Detail for Case No. CC-2011-685, attached). It further reflects that defendant John Tinney did not appear as counsel for either Hughley or the State of Alabama. (Id.).

The new claim plaintiff asserts in his amendment (Doc. # 7, section III) is subject to dismissal for precisely the same reasons as his original claims. Those reasons are set forth in the court's previous recommendation. The court will not restate those reasons here, but

---

[1] This action was included in the original complaint only by way of an attachment to the complaint consisting of an order of the Lee County Circuit Court directing that – because plaintiff's Chambers County rape conviction had been set aside – plaintiff be released on a recognizance bond. (Doc. # 1-4, 4/3/14 order in CC-2011-685).

2

incorporates the rationale given in its previous recommendation (Doc. # 6) by reference.

## CONCLUSION

For the reasons set forth in the court's March 6, 2015 recommendation – which all apply with equal force to the new claim plaintiff presents by amendment – it is the RECOMMENDATION of the Magistrate Judge, pursuant to 28 U.S.C. § 1915(e)(2)(B), that:

(1) to the extent that plaintiff seeks damages from defendant Strange in his official capacity, plaintiff's new claim be DISMISSED with prejudice prior to service of process pursuant to the Eleventh Amendment;

(2) to the extent that plaintiff seeks damages from Holder in his official capacity, plaintiff's new claim be DISMISSED for lack of jurisdiction due to the sovereign immunity of the United States;

(3) to the extent plaintiff seeks damages against Holder and Strange, in their individual capacities, and against Lee County and Chambers County, plaintiff's new claim be DISMISSED without prejudice as these defendants are not subject to vicarious liability under § 1983 and plaintiff has failed to allege facts suggesting any other basis for § 1983 liability against them;

(4) plaintiff's new claim against attorney John Tinney be DISMISSED without prejudice due to plaintiff's failure to allege facts sufficient to state a § 1983 claim against Tinney; and

(5) this action be referred back to the undersigned Magistrate Judge for entry of an order allowing plaintiff the opportunity to move for leave to amend his complaint.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before March 27, 2015.  Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  See  United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of March, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE