IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:15CV126-MHT |
| | ) |
| LEE COUNTY, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's claims were dismissed by judgment entered on May 8, 2015 (Doc. # 11). Thereafter, the court allowed plaintiff the opportunity to move for leave to amend his complaint, giving him specific instructions regarding how he should do so, and setting a deadline of May 22, 2015. (Doc. # 12). Plaintiff failed to move for leave to amend his complaint within the time allowed by the court, and the case is now pending before the presiding District Judge on the recommendation of the undersigned Magistrate Judge that, because no claims remain pending before the court, final judgment be entered dismissing his claims. (Doc. # 13).

Plaintiff has now filed a motion for "out-of-time motion for leave to amend" (Doc. # 14, filed June 1, 2015 ). Upon consideration of the motion, the court concludes that it is due to be denied.[1]

Plaintiff gives two reasons in support of his request for an extension of time to move

---

[1] Plaintiff previously amended his complaint (see Doc. # 7, 8) and, thus, must have leave of the court to do so again. See Fed. R. Civ. P. 15(a).

for leave to amend: (1) that an order entered in Case No. 3:15cv162-WKW "conflicted with this Court order" and (2) that his "Amended Claim are the facts aver[r]ed in his objections." (Id.). Neither reason demonstrates good cause for relief from the amendment deadline. See Fed. R. Civ. P. 16(b)(4)("A schedule may be modified only for good cause and with the judge's consent."); see also Fed. R. Civ. P. 6(b)(1)(B)("When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). As to the first reason asserted by plaintiff, several days after the undersigned Magistrate Judge entered the order regarding amendment in this case, Magistrate Judge Coody issued a briefing schedule directed expressly to a dispositive motion filed by defendant Jay Jones in plaintiff's separate pending action against the Lee County sheriff and East Alabama Medical Center, in which plaintiff alleges that the defendants denied him adequate medical care; Judge Coody's order allowed plaintiff until June 4, 2015, to respond to Jones's motion. (See Civil Action No. 3:15cv162-WKW, Doc. # 20). Plaintiff filed a timely response to that motion, addressing his claims against Jones. (Id., Doc. # 22). Thus, it appears that plaintiff understood that Judge Coody's order pertained to his response to the pending dispositive motion in that case.[2] No order in the referenced case conflicts with this court's own order

---

[2] The Eleventh Circuit has explained that the "excusable neglect" standard of Rule 6(b)(1)(B) is "more exacting" than the "good cause" standard of Rule 55 for setting aside an entry of default. Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1338 (11th Cir. 2014). The court need not decide whether the "good cause" standard of Rule 16(b)(4) or the more rigorous "excusable neglect" standard of Rule 6(b)(1)(B) applies in the present case, as plaintiff has not shown good cause for relief from the court's deadline for amendment.

setting a deadline for plaintiff's motion to amend, nor can any order in that case reasonably be understood to relate to this court's amendment deadline. Thus, plaintiff's first ground for an extension does not constitute good cause.

Plaintiff's second ground for an out-of-time amendment – that his "amended claim are the facts aver[r]ed in his objections," (Doc. # 14, p. 1) – is also without merit. Plaintiff filed his objections to previous recommendations in this case on March 19, 2015. (Doc. # 10). On May 8, 2015, after the presiding District Judge overruled the objections and dismissed plaintiff's claims, the court issued its order regarding amendment, in which – in addition to setting a May 22, 2015 deadline and establishing other requirements – the court specified that plaintiff's proposed amended complaint "may not incorporate plaintiff's previous complaints, *or any other documents*, by reference – that is, it must stand on its own[.]" (Doc. # 12, p. 1)(emphasis added). The order made clear that plaintiff was writing on a clean slate with regard to asserting his claims. The fact that plaintiff may have included factual allegations in objections that he filed two months before his claims were dismissed and before the court entered its order establishing requirements for amendment is irrelevant to the issue of whether plaintiff has shown good cause for modifying the court's deadline for amendment; thus, this ground for relief also fails.

Additionally, even if the court were to grant plaintiff leave to file his motion to amend out of time, leave to amend is due to be denied because plaintiff's proposed amendment –

3

included within his motion for leave to file it out of time (see Doc. # 14, pp. 2-7) – is futile.[3] In his proposed amendment, plaintiff abandons his claims against all defendants other than John Tinney, his former attorney. Plaintiff claims that Tinney violated plaintiff's rights to due process, equal protection, and effective assistance of counsel, arising from Tinney's allegedly wrongful failure to deliver the proceeds of a settlement in a civil action to the plaintiff. (Doc. # 14, pp. 2-5). In its previous recommendation, the court found plaintiff's claims against Tinney to be subject to dismissal because, among other reasons, plaintiff "allege[d] no facts that would permit a conclusion that Tinney acted under color of state law." (Doc. # 6, p. 6)(citing Grider v. Cook, 590 F. App'x. 876 (11th Cir. 2014) and Young v. Teague, 2009 WL 1125242, *1 (M.D. Ala. Apr. 27, 2009)). Plaintiff's proposed amendment does not cure this deficiency. It includes few allegations of fact about Tinney's conduct; the remainder of the proposed amendment consists of plaintiff's conclusory

---

[3] Plaintiff cites Rule 15(a) in the preamble to his motion, presumably because of its liberal standard for amendment. However, because plaintiff's motion for leave to amend is untimely, the court does not reach the Rule 15(a) issue unless plaintiff first demonstrates good cause for relief from the court's deadline. See Smith v. School Bd. of Orange County, 487 F.3d 1361, 1366 (11th Cir. 2007)("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend should be granted."); Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)("Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedures 15(a). If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")(citations omitted).

allegations that Tinney's conduct violated plaintiff's constitutional rights.[4] Because plaintiff's proposed amendment is once again devoid of allegations of fact that would support a conclusion that Tinney acted under color of state law – a necessary element of plaintiff's § 1983 claims – plaintiff's proposed amendment would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and, thus, the amendment would be futile. See Maynard v. Board of Regents of Div. of Univ. of Florida Dept. of Ed. *ex rel*. Univ. of South Florida, 342 F.3d 1281, 1287 (11th Cir. 2003)("Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.")(citations and internal quotation marks omitted); see also Burger King Corp v. Weaver, 169 F.3d 1310 (11th Cir. 1999)("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.")(citations and internal quotations marks omitted).[5]

---

[4] Plaintiff alleges that Tinney entered into a contractual agreement with him in July 1988 and breached that contract "by delivering Mr. Hughley['s] money to Chambers County Circuit Court" without affording plaintiff a due process hearing or providing him with a court order. (Doc. # 14, p.p. 2-3). He attaches a copy of a redacted form showing disbursement of settlement proceeds by the Chambers County Clerk's office. (Id., p. 7). Plaintiff alleges that he learned of Mr. Tinney's fraud "on or about January 28, 2015, at which time Mr. Tinney appeared before the court to testify in Case No. CV-1988-000045.00 (Logan v. Hughley)" and that, because of Tinney's alleged "different statements under oath" and lies about "ever representing [plaintiff] in criminal cases," plaintiff "could not obtain the facts until Mr. Tinney took the wit[]ness stand on January 28, 2015." (Id., pp. 4-5).

[5] Assuming the facts alleged to be true, nothing in the pleadings before the court or in plaintiff's proposed amendment suggests that plaintiff could, with a more carefully drafted complaint, allege facts to support a finding that Tinney – who represented plaintiff in a civil matter pursuant to a contract with the plaintiff – acted under color of state law. Plaintiff's allegations that

**CONCLUSION**

Because plaintiff has not shown good cause for extending the deadline previously set by the court for filing a motion for leave to amend, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's "Motion for Out-of-Time Motion for Leave to Amend" (Doc. # 14) be DENIED and, since there are no claims remaining before the court, that final judgment be entered dismissing this action.

In the alternative, if the District Judge should decide to allow plaintiff's out-of-time motion, it is the RECOMMENDATION of the Magistrate Judge that leave to amend be denied as futile, due to plaintiff's failure to state an actionable claim in his proposed amendment.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff. Plaintiff may file written objections to this Recommendation **on or before June 23, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District

---

Tinney delivered plaintiff's settlement proceeds to the Chambers County Circuit Court without a hearing and without providing plaintiff with a court order do not state a fraud or breach of contract claim under state law, or any claim under Ala. Code § 34-3-21, which relates to an attorney's authority to bind a client. (See Doc. # 14, p. 4; see also Fed. R. Civ. P. 9(b)). Additionally, even if plaintiff alleged facts sufficient to support a state law claim against Tinney, the state law claims would nevertheless be subject to dismissal, at the court's discretion, in the absence of any federal claims. See Gibson v. York, 569 F. App'x. 810, 813 (11th Cir. 2014)(because plaintiff's allegations failed to state a claim for violation of her constitutional rights and she did not establish federal subject matter jurisdiction over her remaining claims, district court "was correct to decline to exercise supplemental jurisdiction over Gibson's state legal malpractice claims").

Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 9th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE